IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON JOHNSON | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH MAZURKIEWICZ et al. | : | |
|     Respondents | : | No. 11-5463 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                                                 March 25, 2014

    Presently before me is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Solomon Johnson, an individual currently incarcerated in the Benner Township State Correctional Institution in Bellefonte, Pennsylvania.  Johnson challenges his judgment of sentence for involuntary deviate sexual intercourse, intimidation of a witness/victim, simple assault, terroristic threats and false imprisonment.  For the reasons that follow, the petition will be denied.

I.      **FACTS AND PROCEDURAL HISTORY:**

    The state court summarized the facts leading to Johnson's arrest as follows:

> On the evening of Saturday, September 18, 2004, [Johnson] restrained and assaulted his girlfriend for more than 45 minutes in the bedroom of her home in Landenberg, Chester County, Pennsylvania.  At approximately 9:30 p.m., [Johnson] told his girlfriend (hereinafter, "the victim") that he wanted to go to a liquor store.  When the victim responded that she had already planned to use their one car (which belonged to her) to go to the grocery store, [Johnson] became angry.  He locked the bedroom door so that the victim could not leave the room.  He then grabbed the victim by the neck, pushed her onto the bed, and struck her repeatedly about the

head, back, chest and ribs.  During the course of the assault, he threatened, among other things, to "break her up."  He also required her to repeat, after him, that she would listen to him, do whatever he said, and have sex with him whenever he wanted her to.

Fearing for her life, the victim attempted to calm [Johnson].  She stated that she was sorry and that the situation was "all her fault."  When she offered to accompany [Johnson] to the liquor store, he let her up to get her shoes.  Once she stood up, however, [Johnson] stated, "I don't think you learned your lesson yet[,]" N.T., 8/7/06, at 30, and threw her back onto the bed.  He resumed punching her in the back and rib cage area, and at one point he struck her in the eye.  While the victim was "curled up trying to protect [her] face[,]" id. at 31, [Johnson] held a tall metal lamp over her head in a menacing manner.

As a result of the physical assault, the victim suffered bruising around her torso, broken ribs, and a black eye.  When [Johnson] saw that the victim's eye had blackened, he became even angrier and told her, "I should just fuck you up the rest of the way."  N.T., 8/7/06, at 31-32.  As soon as the punching stopped and the victim was able to stand up, [Johnson] pulled his pants down and forced the victim to perform oral sex on him.  [Johnson] then took a knife from a bedroom drawer and threatened to kill the victim's dogs, which he had locked in the family room prior to the assault.

Shortly thereafter, while still in a state of shock, the victim left her house and drove [Johnson] to two liquor stores and a grocery store.  She testified that she did not call the police because [Johnson] "was threatening [her] the whole time that . . . if he went to jail that every day he spent in jail was the same amount of days that [she] was going to spend in the intensive care unit."  N.T., 8/7/06, at 37.  [Johnson] also told her that "his first phone call from jail would be to some of his friends in Philadelphia that would come down and finish [her] off."  Id. at 38.

On the morning of Monday, September 20, 2004, the victim called a friend, Leny Hugh, and asked Ms. Hugh to meet her at her workplace.  When Ms. Hugh arrived, she found the victim "crying hysterically" and observed the victim's bruising and black eye.  N.T.,

> 8/7/06, at 90-91.  The victim informed Ms. Hugh that, over the
> weekend, [Johnson] had locked her in a room, physically assaulted
> her, and forced her to perform oral sex on him.  Id. at 91, 93.  Later
> in the day, the victim was taken to Christiana Hospital for
> examination and, while there, was interviewed by police.

Commonwealth v. Johnson, No. 4505-04, at 1-3 (Chester. Ct. Com. Pl. June 15, 2010).  After a jury trial in the Chester County Court of Common Pleas, Johnson was found guilty of involuntary deviate sexual intercourse, intimidation of a witness/victim, simple assault, terroristic threats and false imprisonment.  On December 8, 2006, he was sentenced to an aggregate term of 90 to 186 months of imprisonment followed by 5 years of probation.

Johnson's direct appeal to the Superior Court was dismissed on October 2, 2008, for failure to file a brief.  Commonwealth v. Johnson, No. 2298 EDA 2007 (Pa. Super. Oct. 2, 2008) (unpublished memorandum).  On August 6, 2009, Johnson filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq.  Appointed counsel filed an amended PCRA petition.  The PCRA court dismissed Johnson's petition on April 9, 2010.

Johnson appealed to the Pennsylvania Superior Court claiming:

> 1) ineffective assistance of counsel for failing to challenge the sufficiency of the evidence;
>
> 2) ineffective assistance of counsel for admitting an audio transcribed statement into evidence;
>
> 3) ineffective assistance of counsel for advising Johnson on crimes of crimen falsi;

> 4) ineffective assistance of counsel for failing to examine the sentencing file;
>
> 5) ineffective assistance of counsel for basing his defense on the Commonwealth's file;
>
> 6) his due process rights were violated when trial counsel was allowed to withdraw; and
>
> 7) the Commonwealth lacked subject matter jurisdiction.

The Superior Court affirmed the denial of PCRA relief on March 2, 2011. Commonwealth v. Johnson, No. 1288 EDA 2010 (Pa. Super. March 2, 2011).

On March 29, 2011, Johnson attempted to file a petition for allowance of appeal with the Supreme Court of Pennsylvania; however, his case was dismissed on August 5, 2011, for failure to perfect his appeal.

Johnson then filed this petition for a federal writ of habeas corpus claiming:

> 1) ineffective assistance of counsel for using a prior statement of the victim;
>
> 2) ineffective assistance of counsel for advising Johnson that his prior crimen falsi convictions were admissible if he testified;
>
> 3) ineffective assistance of counsel for not examining the sentencing file;
>
> 4) ineffective assistance of counsel for basing the defense on the Commonwealth's file;
>
> 5) his due process rights were violated when trial counsel was permitted to withdraw; and
>
> 6) the trial court lacked subject matter jurisdiction.

Respondents have filed an answer to Johnson's habeas petition asserting that Johnson is

not entitled to federal <u>habeas</u> relief because his claims are time-barred and meritless.

II.     **DISCUSSION:**

    A.     **Timeliness**

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Johnson's conviction became final on November 2, 2008, thirty (30) days after his direct appeal to the Pennsylvania Superior Court was dismissed for failure to file a brief. See Pa.R.A.P. 1113(a); Gonzalez v. Thaler, - U.S. - , 132 S.Ct 641, 181 L.Ed.2d 619 (2012) (a judgment becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking direct review in the state court expires). Consequently, Johnson would normally have had until November 2, 2009, to timely file his § 2254 petition.

However, on August 6, 2009 – 277 days into his one (1) year federal statute of limitations – Johnson filed a PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the

6

time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought.  See Swartz, 204 F.3d at 424.

The Superior Court affirmed the denial of PCRA relief on March 2, 2011.  On March 29, 2011, Petitioner attempted to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  On April 8, 2011, the Pennsylvania Supreme Court notified Johnson that his filing was defective and gave him 20 days, or until April 28, 2011, to correct his defective petition.  Johnson never perfected his appeal and the Pennsylvania Supreme Court ultimately closed his case.  Because Johnson's petition for allowance of appeal was not "properly filed," the time during which the defective filing was pending did not toll the federal statute of limitations.  Thus, the statute of limitations began to run again on April 1, 2011, 30 days after the decision of the Superior Court, when the time for filing a timely "properly filed" petition for allowance of appeal expired.

At this time, the one (1) year grace period began to run again and Johnson had 88 days, or until June 28, 2011, to file a timely § 2254 petition.  Johnson filed his petition on July 13, 2011, thus his petition is untimely.

Johnson does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

Consequently, Johnson would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

Equitable tolling is available in the context of a federal habeas petition in appropriate cases.  See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  A petitioner bears the burden of establishing his entitlement to equitable tolling through two (2) elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Id. at 2562, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights).  Johnson has not presented any evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Because Johnson has not established "extraordinary" circumstances which would justify application of equitable principles, I find that there are no circumstances which would make the rigid application of the limitation period unfair.  Consequently, Johnson's petition is dismissed as untimely.

### B. Review of Claims

Even if Johnson's petition was timely filed, he would not be entitled to habeas relief. Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing § 2254(e)(1)).

### 1. Trial Counsel was Ineffective for Introducing Statement Into Evidence

Johnson argues that trial counsel was ineffective for admitting the victim's transcribed statement into evidence. Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

>     guaranteed the defendant by the Sixth Amendment.  Second,
>     the defendant must show that the deficient performance
>     prejudiced the defense.  This requires showing that counsel's
>     errors were so serious as to deprive the defendant of a fair
>     trial, a trial whose result is reliable.

Id. at 687.

Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

"It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391.  Thus, Johnson is entitled to relief only if the Pennsylvania court's decision rejecting his claim of ineffective assistance of counsel was either "contrary to, or involved an unreasonable application of," that established law.  Id.; see also Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002); Bell v. Cone, 535 U.S. 685, 698-699 (2002) ("It is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.").

In rejecting this claim, the PCRA court stated:

> Trial counsel introduced the transcript only after the victim testified (1) that she was alone in the car after [Johnson] had gone into a liquor store and (2) that she did not recall whether she was in possession of the car keys when she was alone in the car. N.T., 8/7/06, at 54-55. Trial counsel used the transcript in an effort to refresh her recollection and, in turn, elicit testimony that she did, in fact, have the keys. Id. at 55-59. Such testimony from the victim would have strengthened the defense case, which . . emphasized the victim's failure to seize upon various opportunities she had to escape [Johnson]. Because trial counsel had a "reasonable strategic basis" for introducing the transcript [Johnson's] ineffectiveness claims fails as a matter of law.

Commonwealth v. Johnson, No. 4505-04, at 8 (Chester Ct. Com. Pl., June 15, 2010) (citations omitted). I conclude that the state court's disposition of this matter did not result in a decision that was contrary to federal law, or involved an unreasonable application of, clearly established federal law. Because trial counsel had a reasonable basis for introducing the victim's statement, this claim is denied.

### 2. Trial Counsel was Ineffective for Advice Regarding Prior Convictions

Johnson next contends that trial counsel was ineffective advising him not to testify due to the possibility that his testimony would allow the introduction of evidence regarding his prior convictions. In denying this claim, the PCRA court found:

> [Johnson] complains that trial counsel was ineffective for advising him of his crimen falsi convictions. . . It is clear . . . that [Johnson's] complaint is erroneously predicated on Pa.R.E. 404(b)(1) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Trial counsel advised [Johnson] that, if he elected to testify, "his convictions for two crimes of crimen falsi which involve robbery and theft . . . would come in against him when the jury has to determine whether he's credible . ." N.T., 8/7/06, at 135-36. This was an accurate statement of the law. Even though Pa.R.E. 404(b)(1) would preclude the admissibility of [Johnson's] crimen falsi convictions,

the convictions would be admissible pursuant to Pa.R.E. 609(a) ("For the purpose of attacking the credibility of any witness, evidence that the witness had been convicted of a crime . . . shall be admitted if it involved dishonesty or false statement."). Obviously, counsel cannot be found ineffective for providing sound legal advice.

Commonwealth v. Johnson, No. 4505-04, at 8-9 (Chester Ct. Com. Pl., June 15, 2010).

I conclude that the state court's conclusion was reasonable because trial counsel's advice was based on sound judgment. See 28 U.S.C. § 2254(d); Strickland, 466 U.S. at 689. Accordingly, this claim is denied.

### 3. Trial Counsel was Ineffective for Failing to Examine Sentencing File

Johnson argues that trial counsel was ineffective for failing to examine his sentencing file in order to discover potential mitigating circumstances. In denying this claim, the state court found that Johnson "only offered boilerplate allegations and 'failed to specify what mitigating evidence any such investigations, if undertaken, would have revealed.'" Commonwealth v. Johnson, No. 1288 EDA 2010, at 9 (Pa. Super. March 2, 2011) (citing Commonwealth v. Johnson, No. 4505-04, at 4 (Chester Ct. Com. Pl., February 23, 2010)). As in the state court, Johnson has failed to provide any specific evidence which would have provided a basis for relief. Accordingly, I conclude that the state court reasonably concluded that there was no basis upon which to find trial counsel ineffective. This claim is denied.

### 4. Trial Counsel was Ineffective Assistance for Basing Defense on Commonwealth's File

Johnson argues that trial counsel was ineffective for failing to provide an adequate

12

defense due to his reliance upon the Commonwealth's file. Upon review of this claim, the Superior Court stated:

> [C]ounsel's decision to concede [Johnson's] guilt as to the simple assault charge "was a reasonable one, given the overwhelming evidence that [Johnson] had unlawfully caused bodily injury to the victim." Likewise, "[t]he record reveals that trial counsel prepared and presented a vigorous defense on [Johnson's] behalf. Through his opening statement, his cross-examinations of the Commonwealth's witnesses, and his closing argument, [counsel] attempted to create reasonable doubt as to the charges facing [Johnson,]" except for the simple assault charge. Hence, [Johnson's] claim that counsel relied solely upon the Commonwealth's file is without merit.

Commonwealth v. Johnson, No. 1288 EDA 2010, at 9 (Pa. Super. March 2, 2011) (citing Commonwealth v. Johnson, No. 4505-04, at 3-4 (Chester Ct. Com. Pl., February 23, 2010)).

I conclude that the state court's rejection of Johnson's claim was not objectively unreasonable in light of the evidence presented during state court proceedings. Moreover, the state court decision that trial counsel provided Johnson with effective assistance of counsel comports with the Strickland standard. Accordingly, this claim is denied.

        **5.      Due Process Violation**

Johnson next argues that his due process rights were violated when the trial court allowed trial counsel to withdraw his representation. In denying this claim, the PCRA court concluded:

> [Johnson] complains that the Court improperly allowed trial counsel - Christian J. Hoey, Esquire - to withdraw from the case "were [sic] [Johnson] neither requested change of counsel, nor did he see [sic] waiver

>[sic] of trial counsel[.]"  This complaint is without merit.  "It is well settled that an indigent is entitled to free counsel, but not to free counsel of his choice.  Although the right to counsel is absolute, there is no absolute right to a particular counsel" . . . The Court appointed Mr. Hoey from its list of "conflict counsel" to represent [Johnson] at trial.  On October 1, 2006, after the trial had concluded, Mr. Hoey resigned his position as court-appointed conflict counsel.  Consequently, he was granted leave to withdraw from [Johnson's] case.  On October 12, 2006, the Court appointed new conflict counsel - Peter E. Kratsa, Esquire - who represented [Johnson] through the filing of post-sentence motions.  Accordingly, [Johnson's] complaint warrants no relief under the PCRA.

Commonwealth v. Johnson, No. 4505-04, at 4-5 (Chester Ct. Com. Pl., February 23, 2010) (citation omitted).  The state court reasonably concluded that Johnson's right to due process was not violated when trial counsel was permitted to withdraw and new counsel was appointed.  This claim is denied.

### 6.     Alleged Lack of Jurisdiction

In his last claim, Johnson contends that the trial court lacked jurisdiction because the Commonwealth did not have probable cause to proceed with his case.  The PCRA denied this claim after concluding that "the evidence introduced at trial was sufficient to establish [Johnson's] guilt beyond a reasonable doubt, the same evidence was necessarily sufficient to satisfy the less stringent probable cause standard."  Commonwealth v. Johnson, No. 4505-04, at 10 (Chester Ct. Com. Pl., June 15, 2010) (citations omitted).  The state court disposition of this claim was reasonable.  As a result, this claim is denied.

### III.    CONCLUSION:

After close and objective review of the arguments and evidence, I conclude that Johnson's petition for writ of habeas corpus is time-barred and otherwise meritless.

Accordingly, Johnson's petition will be denied.

Similarly, because Johnson's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing, as it would not change the outcome of this matter.  See 28 U.S.C. § 2254(e)(2); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted).

An appropriate order follows.