IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON JOHNSON | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH MAZURKIEWICZ et al. | : | |
| Respondents | : | No. 11-5463 |

**MEMORANDUM AND ORDER**

AND NOW this 9th day of May, 2014, upon consideration of Petitioner's motion filed pursuant to Federal Rule of Civil Procedure 60(b) for "Relief from a Judgement or Order," I make the following findings and reach the following conclusions:

1. Petitioner filed the instant motion on April 7, 2014, seeking reconsideration, of my March 25, 2014 Order denying his petition for writ of habeas corpus. He argues that the Court should relieve him from that judgment because his habeas petition is timely based on equitable principles and because I erroneously determined that his claims were meritless.

2. The relevant facts are as follows. After a jury trial in the Chester County Court of Common Pleas, Petitioner was found guilty of involuntary deviate sexual intercourse, intimidation of a witness/victim, simple assault, terroristic threats and false imprisonment. On December 8, 2006, Petitioner was sentenced to an aggregate term of 90 to 186 months of imprisonment followed by 5 years of probation. Petitioner's direct and collateral appeals were denied by the Pennsylvania courts.

3. On July 13, 2011, Petitioner filed the petition for a federal writ of habeas corpus at issue here. In that petition, he presented four claims of ineffective assistance of counsel, a claim that his due process rights were violated and a claim of trial court error. After review of the arguments and evidence, I found that Petitioner's claims were time-barred and meritless. As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. Petitioner then filed the instant

        motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), asking me to withdraw my order and grant <u>habeas</u> relief.[1]

4.     Federal Rule of Civil Procedure 60(b)(1) allows a court to modify an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(b)(1).  Rule 60(b)(6) is a catch-all provision, allowing a district court to vacate a prior judgment for "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(b)(6).  A party seeking relief under 60(b)(6) must show "extraordinary circumstances that justify reopening the judgment." <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 255 (3d Cir. 2008).

5.     Petitioner is not entitled to relief under Rule 60(b)(1) or 60(b)(6) because he has failed to establish a mistake or set forth extraordinary circumstances which would justify vacating my previous order.  <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 535 (2005) (extraordinary circumstances justifying 60(b) relief are rarely established in the <u>habeas</u> context).

6.     Petitioner first argues that he is entitled to equitable tolling of the federal statute of limitations due to the fact that the Pennsylvania statutes misled him into believing that he was required to file a petition for allowance of appeal in the Pennsylvania Supreme Court prior to filing a federal <u>habeas</u> petition.  <u>See</u> Mot., at 2.  However, "miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" of the federal statute of limitations.  <u>Brown v. Shannon</u>, 322 F.3d 768, 774 (3d Cir. 2003) (quoting <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001)); <u>see</u> <u>also</u> <u>School Dist. of Allentown v. Marshall</u>, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").  Petitioner's lack of

---

[1] Although Petitioner also alleges that he has brought this motion pursuant to Rule 60(a), I find that the rule is inapplicable to his argument.  Under Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed.R.Civ.P. 60(a).  Rule 60(a) "is limited to the correction of clerical mistakes; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." <u>Pfizer Inc. v. Uprichard</u>, 422 F.3d 124, 129-30 (3d Cir. 2005) (quotation and citation omitted).  Because Petitioner's argument focuses on the substance of my decision, rather than a clerical mistake, relief pursuant to Rule 60(a) is not warranted.

       diligence in ascertaining the appropriate filing date for the instant <u>habeas</u> petition renders his petition ineligible for equitable tolling.

7. To the extent that Petitioner attempts to point to a mistake or error of law that would compel reconsideration of the merits of his claims, I conclude that he merely sets forth the same arguments presented, and rejected, in his original <u>habeas</u> petition. As a result, he has failed to present any evidence that would compel reconsideration of my decision regarding the ability of this court to review his time-barred and meritless claims. <u>See</u> <u>Holland v. Holt</u>, 409 Fed.Appx. 494, 497 (3d Cir. 2010) (no extraordinary circumstances when party merely reargues the merits of his claims).

Accordingly, **I HEREBY ORDER** that Petitioner's motion for relief from judgment (Doc. No. 16) is **DENIED.** I further **ORDER** that no certificate of appealability will be issued because Petitioner has failed to make a substantial showing of denial of a constitutional right.

                                                                   <u>s/J. William Ditter, Jr.</u>
                                                                   J. WILLIAM DITTER, JR., J.